Filed 2/18/21  P. v. Quinteros CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAVIER AUGUSTO QUINTEROS,<br><br>Defendant and Appellant. | F080071<br><br>(Super. Ct. No. 1415611)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Joseph R. Distaso, Judge.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Smith, J. and Snauffer, J.

Appointed counsel for defendant Javier Augusto Quinteros asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  Defendant did not respond.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

This is the third appeal in this case.

In 2014, a jury found defendant guilty of two counts of continuous sexual abuse of a minor under the age of 14 (Pen. Code, § 288.5, subd. (a);[1] counts 1 & 2), sodomy with a child 14 years or younger and 10 years younger than defendant (§ 286, subd. (c)(1); count 4), and oral copulation with a child 14 years or younger and 10 years younger than defendant (§ 288a, subd. (c)(1); count 6).  The jury found true allegations as to counts 1 and 2 that defendant committed the offense against more than one victim (former § 667.61, subd. (e)(5) (current § 667.61, subd. (e)(4))).  (*People v. Quinteros* (Jan. 24, 2017, F070508) [nonpub. opn.] at pp. 2–3 (*Quinteros I*).)

The trial court sentenced defendant to 38 years to life in prison as follows: two consecutive 15-year-to-life terms on counts 1 and 2; six consecutive years on count 4; and two consecutive years on count 6.  (*Quinteros I*, *supra*, F070508, at p. 3.)

On appeal, we vacated the sentence and remanded for resentencing.  (*Quinteros I*, *supra*, F070508, at p. 6.)

In 2017, on remand after defendant's first appeal, the trial court sentenced defendant to 28 years in prison as follows:  12 years on count 1; 12 consecutive years on count 2; and two consecutive years on both counts 4 and 6.  (*People v. Quinteros* (May 30, 2019, F076067) [nonpub. opn.] at p. 3 (*Quinteros II*).)

---

[1]     All statutory references are to the Penal Code.

On defendant's second appeal, we vacated the sentence and remanded because the trial court failed to obtain a supplemental probation report before sentencing. (*Quinteros II*, *supra*, F076067, at p. 12.)

On remand after the second appeal, the trial court obtained a supplemental probation report and sentenced defendant to the identical sentence.

On September 26, 2019, defendant appealed for the third time.

After reviewing the record, we find no arguable error on appeal that would result in a disposition more favorable to defendant.

## **DISPOSITION**

On our own motion, we take judicial notice of our prior opinions in *Quinteros I*, *supra*, F070508 and *Quinteros II*, *supra*, F076067. The judgment is affirmed.